Duane A. Bishop, Sr. *vs.* Centredale Textile Company.

JUNE 24, 1955.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This is an employee's petition to review his incapacity under an original decree relating to an injury sustained May 3, 1952 and also to exceed the medical maximum under the workmen's compensation act, general laws

1938, chapter 300. After a hearing in the superior court a decree was entered denying and dismissing the petition, and from the entry of such decree petitioner has brought the instant appeal to this court.

The original decree, which was the subject of the instant petition to review, was entered in April 1953 and contained, among others, findings that on May 3, 1952 petitioner sustained "a ruptured intervertebral disc at L5 - S1" arising out of and in the course of his employment, as a result of which he became totally incapacitated; and that he was unable to work from May 5 to December 1, 1952, excepting therefrom the period between September 16 and November 7, during which time petitioner had returned to work at a weekly wage greater than he had received at the time of his injury.

The decree herein appealed from was entered April 30, 1954 and contains only the following finding: "Finding that Petitioner has failed to sustain the burden of proving that his incapacity for work resulted from the injury sustained on May 3, 1952, the petition for review is denied and dismissed."

The petitioner testified in substance that after a surgical operation for removal of the disc he returned to work and was employed regularly from December 1, 1952 to May 5, 1953; that on May 5, 1953 while he was assisting in unloading a truck of yarn on respondent's premises by dumping and tipping the cases onto a hand truck, he felt a sudden snap and sharp pain in the area "where they took the disc out"; and that he had to quit work at once and was unable to return until September 1953. On cross-examination he testified that the cases he was unloading weighed between 100 and 200 pounds; that as he was tipping one of them he got into a bent position, with his body somewhat twisted, and suddenly heard a snap in his back together with a sharp pain; and that although he had previously experi-

enced pain in his back this was the first time he had heard the "snapping" sound there.

The respondent does not dispute that petitioner was out of work from May 5 to September 16, 1953, and that during that period he was incapacitated. It contends, however, that this incapacity was not due to the injury referred to in the decree of April 1953 which was the subject of the petition to review, or a recurrence thereof, but resulted from a new and different injury.

Two medical witnesses testified in this case. Doctor Stanley D. Simon testified for petitioner that the latter had never fully recovered from a laminectomy performed to repair the ruptured disc sustained by him on May 3, 1952; that his present incapacity is due to a residual neuritis following the removal of the disc; and that it is a direct sequel of the 1952 accident. On the other hand Dr. Edmund B. Curran testified for respondent in effect that petitioner's present incapacity was due to a chronic lumbosacral strain caused by the bending and twisting incident of May 5, 1953; that when he examined petitioner on May 22, 1953 his diagnosis was a lumbosacral strain; and that the second diagnosis was a pelvic kidney with a "Dietl's crisis." Referring to the occasion when petitioner was bent over and in a twisted position, Dr. Curran further testified that it was at that time he developed the lumbosacral strain, and that it could not be the result of his history and the laminectomy.

The petitioner's amended reasons of appeal contain three objections to evidentiary rulings concerning questions asked of Dr. Curran. The petitioner concedes that if such objections are not valid the record would show a conflict in the medical testimony. We have carefully examined the questions referred to and in our opinion they were properly allowed by the trial justice.

In the absence of fraud, which is not alleged here, findings of fact if supported by legal evidence are conclusive under

the act, and we cannot weigh the evidence or pass upon the credibility of the witnesses. In the instant case the medical testimony was conflicting. In our opinion there was direct testimony of Dr. Curran and reasonable inferences to be drawn therefrom which support the sole finding of fact in the decree appealed from. Therefore we cannot disturb it.

However, one of petitioner's reasons of appeal is based upon the claim that the decree appealed from should have included a finding or ruling on the prayer to exceed the medical maximum because that was included as an integral part of his petition for review. We agree with this contention.

The instant petition sought to review the decree of April 1953 relating to the original injury. From our examination of the transcript and the exhibits herein, it appears that some of the medical charges, by reason of which petitioner sought to increase the medical maximum, related to the accident and injury of May 3, 1952, and were attributable to the period of incapacity arising therefrom. In the circumstances the trial justice should have made a finding as to whether there was ground to grant the petition to increase the medical maximum in relation to such charges as were solely referable to the original injury of May 3, 1952.

The petitioner's appeal is sustained in part and denied in part. The cause is remanded to the superior court with direction that the same justice, if available, make a finding on the petition to exceed the medical maximum and enter a new decree accordingly, and thereafter, if not appealed, to transmit the cause to the workmen's compensation commission.

*Milton Stanzler,* for petitioner.

*Carroll & Dwyer, Edward F. J. Dwyer, Robert L. Kiernan,* for respondent.